1

2

3     **FILED**

4     NOV 6 2007

5     RICHARD W. WIEKING
      CLERK, U.S. DISTRICT COURT
6     NORTHERN DISTRICT OF CALIFORNIA

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,      )
                                     )
12              Plaintiff(s),        )    No. CR 07-0645 MMC (BZ)
                                     )
13         v.                        )
                                     )    **DETENTION ORDER**
14    RONALD LEE HINES, et al.,      )
                                     )
15              Defendant(s).        )
      _____)

16

17         On November 6, 2007, I heard the government's motion to

18    detain Ronald Hines.  Defendant was present and represented by

19    Geoffrey Rotwein.  Assistant United States Attorney Kirstin

20    Ault appeared for the United States.

21         Pretrial Services submitted a report and addendum that

22    recommended detention.  Proffers and arguments regarding

23    detention were submitted by the parties at the hearing.

24         Defendant is charged in an Indictment with violations of

25    Title 21, United States Code, Section 846, 841(b)(1)(A)(I);

26    and Title 18, United States Code, Section 2 - Knowingly and

27    Intentionally Conspiring to Possess with Intent to Distribute

28    and to Distribute Heroin; and Title 21, United States Code,

                                    1

1  Section 841(a)(1) and (b)(1)(B)(I) - (2 counts) Knowingly and
2  Intentionally Possessing with Intent to Distribute Heroin.
3  These charges create a presumption that defendant is a risk of
4  flight and a danger to the community. See 18 U.S.C. §§ 3142(e)
5  & (f)(1)(C).

6      Having considered the parties' proffers and the Pretrial
7  Services report, I find that while defendant overcame the
8  presumption that he is a flight risk, he did not overcome the
9  presumption that he is a danger to the community, and that no
10  conditions of release will reasonably assure the safety of the
11  community.  In so finding, I have considered the following
12  factors:

13      1.  Given the seriousness of the charges, defendant
14  faces a substantial sentence if convicted. His past state
15  convictions imposed a period of incarceration of at most two
16  years.  However, if convicted of these charges, he could face
17  mandatory life imprisonment.  This provides some incentive to
18  flee.

19      2.  It also appears that defendant has a substance
20  abuse problem which creates concerns about his reliability in
21  adhering to conditions of release.

22      3. Defendant's ties to the community are mixed.
23  Although he is a lifelong resident of Pittsburgh, California,
24  and has a stable residence, he does not have a stable
25  employment history and has been unemployed since December of
26  2006.  Defendant's family support is impressive; eleven family
27  members attended today's hearing.  Moreover, defendant's
28  sister and his significant other have offered to act as

2

1  sureties by posting their homes as security.  On the other
2  hand, several family members have expressed reluctance to act
3  as his surety.  The family support lessens my concern that
4  defendant is a risk of flight.  If risk of flight was the only
5  factor in this case, I would likely be willing to release
6  defendant on a  bond secured by the family properties with
7  appropriate conditions of release.

8         4. Defendant has a criminal history dating back 34
9  years.  It includes 24 arrests, four drug-related felony
10  convictions, and one felony conviction for possession of a
11  firearm.  This is a combination that Congress specifically had
12  in mind when they passed the Bail Reform Act in 1984.
13  Numerous parole and probation violations suggest that
14  defendant would not be amenable to supervision.

15         5.  The government proffered that a federal wire tap
16  revealed that shortly after the defendant was arrested on
17  state narcotics charges and released on bail, he was ordering
18  additional quantities of heroin almost on a daily basis.  He
19  was subsequently re-arrested.  While the weight of the
20  evidence is the least important factor to consider at this
21  stage, this suggests that defendant is likely to engage again
22  in illegal conduct if he is released.

23         6.  Defense counsel argued that defendant's conduct
24  could be controlled by electronic monitoring.  The problem
25  with electronic monitoring in a case like this, as the
26  government pointed out, is that while Pretrial Services might
27  know where defendant is, it would not know who was with him or
28  what he was doing at the time.  Counsel also suggested that

3

1 | his significant other could act as custodian and the family
2 | would help control his behavior.  Once again the government
3 | correctly pointed out that neither she nor they have not been
4 | able to control his behavior in the past.

5 |        7.  I find that defendant has not dispelled the
6 | presumption.  The United States has, by clear and convincing
7 | evidence, established that the defendant is a danger to the
8 | community, and that no conditions of release will reasonably
9 | assure the safety of the community.

10 |       Therefore, **IT IS HEREBY ORDERED** that:

11 |       1. The defendant be committed to the custody of the
12 | Attorney General for confinement in a corrections facility
13 | separate, to the extent practicable, from persons awaiting or
14 | serving sentences or being held in custody pending appeal;

15 |       2. The defendant be afforded reasonable opportunity
16 | for private consultation with counsel;

17 |       3.  On order of a court of the United States or on
18 | request of an attorney for the government, the person in
19 | charge of the corrections facility in which defendant is
20 | confined shall deliver defendants to a United States Marshal
21 | for the purpose of an appearance in connection with a court
22 | proceeding.

23 | Dated: November 6, 2007

24 |

25 | Bernard Zimmerman
United States Magistrate Judge

26 |

27 |

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2007\HINES.BZ VERSION.wpd

28 |

4

## UNITED STATES DISTRICT COURT

### FOR THE

### NORTHERN DISTRICT OF CALIFORNIA

USA,

Plaintiff,

v.

Ronald Lee Hines, et al.,

Defendant.

_____/

Case Number:CR07-0645 MMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 7, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kirstin Ault, Esq.
U.S. Attorney's Office
450 Golden Gate Avenue
San Francisco, CA 94102

Geoffrey Rotwein, Esq.

Geoffrey Rotwein, Attorney at Law
400 Montgomery Street
Second Floor
San Francisco, CA 94104

Dated: November 7, 2007

Richard W. Wieking, Clerk
By: Lashanda Scott, Deputy Clerk