

1  GEOFFREY ROTWEIN, ESQ.  (CA SBN 58176)
   400 Montgomery Street, Second Floor
2  San Francisco, California  94104
   Facsimile: (415) 397-0862
3  Telephone: (415) 397-0860

4  Attorney for Defendant
   RONALD LEE HINES

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10  UNITED STATES OF AMERICA,           )    No. CR 07-0645 MMC
                                        )
11            Plaintiff,                )    **DEFENSE MEMORANDUM**
                                        )    **RE MOTION TO REVIEW**
12      vs.                             )    **ORDER OF DETENTION**
                                        )
13  RONALD LEE HINES, et al,            )    DATE: December 5, 2007
                                        )    TIME:  2:00 p.m.
14            Defendants.               )    CTRM: 7, 19th Floor;
    _____)         Hon. Maxine M. Chesney

15

16                               **I.**

17                          **INTRODUCTION**

18      On November 6, 2007, Hon. Bernard Zimmerman, Magistrate/Judge of this Court,

19  heard the government's motion to detain defendant under 18 U.S.C. § 3142. After both sides

20  presented evidence, proffers and argument, the Court issued a Detention Order, finding that

21  while defendant did not present a flight risk, the government had established by clear and

22  convincing evidence that he presented a danger to the community, that no conditions of

23  release would reasonably assure the safety to the community and that defendant had failed to

24  dispel the rebuttable presumption in this regard.

25      This Court reviews defendant's appeal from the order of detention *de novo*, and

26  considers the facts, inferences and arguments independently and no deference should be given

27  to the magistrate's legal conclusions. *United States* v. *Koenig*, 912 F.2d 1190, 1192 (9th Cir.

28  1990).



1       An order of detention is inappropriate based on the presumption alone and unless there

2 the government proves flight risk and/or future dangerousness by clear and convincing

3 evidence. 18 U.S.C. § 3142(f). This Court in *United States* v. *Moore*, 607 F. Supp. 489 (N.D.

4 Cal. 1985), held that "the standard of proof necessary for detaining a defendant as a flight risk

5 should be no less than the standard required to support a finding of danger to the community

6 — 'clear and convincing evidence.'" *Id.*, at p. 496. Regarding the rebuttable presumption, the

7 Court held that it "shifts only a burden of production to defendant. The government retains

8 the burden throughout the proceeding to show by clear and convincing evidence that no

9 condition or combination of conditions would reasonably assure defendant's appearance at

10 trial or the safety of the community." *Id.*

11       This court concludes that rebuttable presumption to support its
      motion to detain a defendant pending trial. Evidence that
12       defendant committed the narcotics offense with which he is
      charged, even if very compelling, cannot by itself satisfy the
13       requirement of § 3142(f) that a determination "that no condition
      or combination of conditions will reasonably assure the safety of
14       any other person and the community" be supported by clear and
      convincing evidence. Indeed, to find otherwise would also
15       violate the specific directive of § 3142(g), which provides that
      certain factors -- including the history and characteristics of the
16       defendant -- be considered by the court in determining whether
      a particular defendant be detained.
17

      *Id.*, at p. 498.
18

19       Defendant submits that the evidence does not show that he is not a flight risk, and that

20 the government cannot establish by clear and convincing evidence that conditions cannot be

21 imposed that will reasonably assure that he will not be a danger to the community if released.

22 **II.**

23 **FLIGHT RISK**

24       Defendant has substantial family support in the community, has resided all his life in

25 Pittsburg, California, and while he has a lengthy criminal record, he has not failed to appear

26 in court, does not have a history of bench warrants and there is nothing to indicate that he

27 poses a flight risk. Moreover, though he was arrested in February and June of this year, and

28 posted bail on each of the state cases, he did not flee. Neither arrest resulted in state charges.

1    He has resided with Roxanne Peacock, his significant other, a teacher in Concord,

2    since the early 1990s in Pittsburg. Neither is there any evidence that he poses a flight risk nor

3    can the government prove his propensity to flee.

## III.

## DANGER TO THE COMMUNITY

6    The government has proffered that after defendant was arrested in February 2007, he

7    engaged in numerous additional narcotics purchases.    The Court in *United States* v.

8    *Dominguez*, 783 F.2d 702 (7th Cir. 1986), held as follows when reviewing the issue of danger

9    to the community in the context of narcotics offenses:

> A defendant cannot be detained as dangerous under § 3142(e), even if the presumption is not rebutted, unless a finding is made that no release conditions "*will* reasonably assure ... the safety of the community ... ." (Emphasis added). That finding cannot be based on evidence that he has been a danger in the past, except to the extent that his past conduct suggests the likelihood of future misconduct. This is, indeed, the very import of the presumption of dangerousness in § 3142(e); it represents Congressional findings that certain offenders, including narcotics violators, as a group are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions. To rebut this presumption they need not necessarily show that they are not guilty of the charged crimes in the first place. They could also show that the specific nature of the crimes charged, or that something about their individual circumstances, suggests that "what is true in general is not true in the particular case ... ." *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985). Any evidence favorable to a defendant that comes within a category listed in § 3142(g) can affect the operation of one or both of the presumptions, including evidence of their marital, family and employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in § 3142(g)(3).

*Id.*, at pp. 706-707; *see also United States* v. *Moore, supra*, at 496.

24    The same should apply here. Even assuming that the government's proffer of

25    defendant's telephone calls is correct, the Court has ample other evidence and information

26    about defendant that would militate against defendant on this factor.

27    ///

28    ///

## IV.

## ELECTRONIC MONITORING; REFERRAL TO DRUG TREATMENT

Electronic monitoring for defendant can be implemented on a full time basis or in a manner that allows him to leave his residence on a very limited basis for short periods of time.[1]

Defendant can report daily by telephone to the pretrial services office and random unannounced visits can be made to his home by pretrial services officers. Also, defendant requests that the court order assessment at the live-in facility at Newbridge for treatment of his substance abuse problems.[2]

## V.

## CONCLUSION

Defendant requests that this Court allow his release on conditions and deny the government's motion for detention.

DATED:  December 3, 2007                    Respectfully submitted:

                              GEOFFREY ROTWEIN
                              Attorney for Defendant
                              RONALD LEE HINES

---

[1]  Use of electronic bracelet "arguably" rebuts the presumption. *United States* v. *O'Brien*, 895 F.2d 810, 816 (1st Cir. 1990).

[2]  Judge Zimmerman did not consider drug treatment or these additional conditions.

**CERTIFICATE OF SERVICE**

I, GEOFFREY ROTWEIN, declare under penalty of perjury that on the below-indicated date, I served the foregoing document, by depositing a true copy thereof in the mail at San Francisco, California, enclosed in a sealed envelope with postage fully prepaid, addressed as follows:

Barbara Solano, Esq.
Kirstin Ault, Esq.
Assistant United States Attorneys
U.S. Attorney's Office
450 Golden Gate Avenue, 11th Floor
San Francisco, CA 94102

In addition, I faxed this document to Ms. Solano and Ms. Ault at 415-436-7234.

I am not a party to this action, am over 18 years of age and am the attorney for defendant Ronald Lee Hines herein. I am readily familiar with the Firm's practice of collection and processing of correspondence for mailing. It is deposited in the United States postal service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date is more than 1 day after the date of deposit for mailing in the affidavit.

Executed in San Francisco, California on December 3, 2007.

GEOFFREY ROTWEIN